# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 1:12-CR-00143 |
| | )   JUDGE LEE |
| | ) |
| WALLACE M. STOKES, JR., | ) |
| | ) |
|     Defendant. | ) |

## RESPONSE TO MOTION TO COMPEL ATTORNEY TO SURRENDER THE CASE FILE

Comes now, Russell L. Leonard, court appointed attorney of the defendant, Wallace M. Stokes, Jr., herein the moving party, and for his response to the motion to compel attorney to surrender the case file in case no. 1:12-cr-00143 responds as follows to the averments therein:

1. Admitted.

2. Admitted.

3. Neither admitted nor denied, as counsel never received such a letter. Further, counsel avers that in the body of defendant Mr. Stokes letter dated March 19, 2014, Mr. Stokes sets forth that two days after his sentencing he wrote a letter to me asking me to appeal the case. Mr. Stokes' sentencing was scheduled for November 7, 2013. Therefore, the letter would have been dated November 9, 2013 as opposed to November 21, 2013. In any event, no such letter was received by my offices.

4. Admitted, as again no such correspondence was received from the defendant at these offices.

5. Neither admitted nor denied as counsel has no personal knowledge of same.

6. It is admitted that in the latter part of April or very early part of March, Mr. Stokes sister, Glenda Arnett, contacted counsel's office requesting the following items:

    1) Statement of Reasons;
    2) Discovery;
    3) PSI;
    4) Indictment;
    5) Signature Clips.

To the best of my knowledge and understanding my offices mailed copies of all of these items to Ms. Arnett as requested except for the item entitled "Signature Clips". Counsel is not cognisite of what is meant by signature clips. Counsel would be more than glad to provide them once it is clear what was being sought by defendant. Counsel charged defendant's family $33.31 for the total amount counsel's offices paid out for the postage necessary to mail these items to Ms. Stokes sister as requested. (A copy of the communication from Ms. Arnett to counsel's offices, as well as a copy of the UPS tracking number and a copy of counsel's check for postage are attached hereto and incorporated herein by reference as collective Exhibit A.)

7. Denied, in as much as the items set out at number 7 were not specifically requested in the communication from Mr. Stokes sister, Glenda Arnett, as indicated above at number 6.

8. It is admitted that Mr. Stokes lettered counsel on March 19, 2014 requesting additional documentary materials from his file that were not requested previously by his sister.

9. Denied. I provided Mr. Stokes with a copy of everything he requested in his March 19, 2014 letter and did so at my offices own expense.

10. Neither admitted nor denied as counsel has no personal knowledge as to who or what occasion Mr. Stokes family contacted the court clerk or anyone else.

11. Admitted. Mr. Stokes, the defendant, has all of the documents that he requested, as well as those his sister requested on his behalf.

2

12. Denied, in as much as counsel was never requested to provide the "entire" file. However, counsel did provide copies of the docket numbers illustrated at number 12 of Mr. Stokes motion to compel. It is also denied that counsel did not respond to defendants letters. (Copies of the responsive letters are attached hereto and incorporated herein by reference, specifically counsel's letter of April 3, 2014, is attached as Exhibit B and counsel's letter of April 15, 2014, is attached as Exhibit C to counsel's response herein.)

13. Counsel avers that he has provided all of the documents requested by defendant Stokes sister, Glenda Arnett, as well as those requested by defendant Stokes in his letter of March 19, 2014. As document 208, Mr. Stokes rearrangement document was not requested by Mr. Stokes directly or by his sister on his behalf, I am forwarding a copy of document 208 to Mr. Stokes to ensure his request for documents is complete. (A copy of the referenced letter is attached hereto, and incorporated herein, by reference as Exhibit D.)

14. Counsel avers that he has no intention to attempt to impede defendants attempt to challenge his conviction and/or sentence and any assertion to the contrary is herein adamantly denied.

WHEREFORE, PRESMISES CONSIDERED, and counsel already provided defendant Stokes with the documents requested by both his family member and by him personally, counsel avers that the defendant's motion is not well taken and should be denied.

Respectfully submitted,

/s/Russell L. Leonard
RUSSELL L. LEONARD, BPR #014191
Attorney for Defendant
315 North High Street
Winchester, Tennessee 37398
(931) 962-0447

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that an exact copy of this pleading has been served upon the following parties by placing same in the United States Mail, postage prepaid, or by delivering same to the said parties and that service of this pleading has been electronically served on all parties involved in this matter:

Wallace Stokes
Fed. Re. 45569074
FCC-Medium
P.O. Box 3000
Forrest City, AR 72336

This 16th day of April, 2014.

                                                /s/Russell L. Leonard_____
                                                Russell L. Leonard