UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| WALLACE M. STOKES, | ) | |
|---|---|---|
| Petitioner, | ) Nos. | 1:12-CR-143-CLC-CCS |
| | ) | 1:14-CV-156-CLC |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of *pro se* petitioner Wallace M. Stokes, Jr. ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 387, "Petition"].[1] Petitioner filed a Memorandum [Doc. 388] with his Petition and attached his Affidavit [Doc. 388-1] to his Memorandum. The Government has responded [Doc. 399] in opposition. The Government has also provided the Affidavit [Doc. 399-1] of Petitioner's counsel Attorney Russell L. Leonard. The Court concludes an evidentiary hearing is necessary to rule on the Petition in this case.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

From January 2009 to October 2012, Petitioner conspired with others to manufacture methamphetamine in Monroe County, Tennessee. [Doc. 130, Plea Agreement at ¶ 3(a)] On July 10, 2013, Petitioner entered a plea of guilty, pursuant to a written plea agreement [Doc. 130], to conspiracy to distribute methamphetamine, before United States Magistrate Judge Susan K. Lee [Docs. 208 & 215]. On July 31, 2013, the undersigned accepted the Defendant's guilty plea

---

[1] All citations to the record are to the docket in Case No. 1:12-CR-143-CLC-CCS.

1

[Doc. 232]. On November 7, 2013, the Court sentenced Stokes to three hundred (300) months of imprisonment [Doc. 341]. The Judgment of conviction [Doc. 343] was entered on November 19, 2013. Petitioner did not file a notice of direct appeal. Petitioner was represented by attorney Russell L. Leonard ("Counsel") at all stages of the proceedings. Petitioner now contends he received ineffective assistance of counsel [Doc. 387]. For the reasons stated below, the Court concludes an evidentiary hearing is necessary to resolve Petitioner's claims.

## II.  STANDARD OF REVIEW

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court that imposed the sentence to vacate, correct, or set aside that sentence, on the grounds that

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles*, 568 F.2d 1, 5 (6th Cir. 1977); *Mayes v. United States*, 93 F.Supp.2d 882, 886 (E.D. Tenn. 2000).

To obtain relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a

complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

In his § 2255 motion, Petitioner contends he received the ineffective assistance of counsel. The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987); *see also Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy") (internal citation omitted).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove he sustained

prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant new trial where the claims, even if true, did not show the jury would have reached a different conclusion).

### III. DISCUSSION

Petitioner asserts three ways in which he contends Counsel was ineffective: (1) Counsel failed to investigate whether Petitioner's confession was coerced or to challenge the confession; (2) Counsel failed to object at sentencing or to challenge on appeal a judicially-determined fact, which triggered a higher mandatory sentence; and (3) Counsel did not consult with him about filing a direct appeal and did not file a direct appeal at the Petitioner's request.

Petitioner contends that, at his November 7, 2013 sentencing hearing, the Court informed him that he had a right to file a direct appeal and that he had ten days in which to file a notice of appeal. Petitioner alleges Counsel "left immediately after sentencing and would not consult with petitioner about an appeal" [Doc. 388 at 2]. Petitioner also alleges he "wrote [C]ounsel two days later to inform him to file an appeal" and Counsel "would never respond to his letter or consult with him about the appeal" [*Id.*]. According to Petitioner, after he arrived at the Federal Correctional Center in Forrest City, Arkansas, he asked his sister to obtain a docket sheet and learned that no notice of appeal appeared on the docket sheet [*Id.* at 3]. Petitioner states he then contacted Counsel and the Clerk of the Court of Appeals for the Sixth Circuit to ask about his appeal [*Id.*]. Petitioner contends that, thereafter, Counsel "advised [P]etitioner that he never received the November 09, 2013 letter from him asking him to file an appeal" [*Id.*].

4

In his Affidavit [Doc. 388-1], Petitioner states, under penalty of perjury, that two days after his sentencing hearing, he wrote a letter to Counsel asking him to file a direct appeal in his case and he sent the letter by first class mail, postage paid, to Counsel at 315 North High Street, Winchester, Tennessee 37398. Petitioner's Affidavit also relates that, after arriving at FCC Forrest City, Petitioner asked his sister to get a copy of the docket sheet to see whether Counsel had filed an appeal. Petitioner contends that upon receiving a copy of the docket sheet, he learned Counsel had not filed an appeal.

The Government argues that Petitioner did not demonstrate to Counsel that he was interested in appealing, nor did Petitioner direct Counsel to file a notice of appeal within the time period for doing so [Doc. 399]. In support of its argument, the Government filed the Affidavit of Counsel [Doc. 399-1], who states Petitioner

> never indicated a desire to pursue a direct appeal and never asked me to file a notice of appeal on his behalf within the allowable time. The first time I was made aware that Mr. Stokes had any interest in pursuing an appeal was in his cover letter of April 8, 2014, which was accompanied with his Motion to Compel Attorney to Surrender the Case File . . . .

[Doc. 399-1]. The Government asks the Court to credit Counsel's Affidavit over that of Petitioner. Alternatively, it asks the Court to conduct an evidentiary hearing to resolve the discrepancies between the two affidavits and to determine whether Counsel adequately consulted with Petitioner about whether he wanted to file a direct appeal.

The Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In such a case, the defendant is entitled to a belated appeal without having to show that his basis for the appeal likely has merit. *Rodriquez v. United States*, 395 U.S. 327, 329-30 (1969). The Supreme Court has rejected a

bright-line rule that counsel must always consult with a defendant about an appeal. *Flores-Ortega*, 528 U.S. at 480. Instead, the Supreme Court

> hold[s] that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id.* The undersigned must evaluate the reasonableness of counsel's conduct by examining the totality of the circumstances, including what counsel knew or should have known. *Id.*

Having reviewed the record and the relevant case law, the Court cannot conclusively determine whether Petitioner is entitled to relief on this issue because it lacks sufficient evidence to determine whether Counsel consulted with the Petitioner about a direct appeal and whether Petitioner timely requested Counsel file a notice of appeal. Accordingly, the Court concludes Petitioner is entitled to an **EVIDENTIARY HEARING**, pursuant to Rule 8 of the Rules Governing Cases Under Section[] . . . 2255 of Title 28 (the "§ 2255 Rules"), limited solely to the issues of (1) whether Counsel consulted with the Petitioner about a direct appeal, either prior to or after the sentencing hearing, and the circumstances surrounding that consultation or failure to consult, and (2) whether Petitioner asked Counsel to file a notice of appeal within the time period for bringing a direct appeal. The parties will be afforded an opportunity to supplement the record with additional proof and other materials as provided in Rule 7 of the § 2255 Rules. Petitioner will be appointed counsel to represent him solely as to this issue. The Court need not assess the merits of Petitioner's other claims of ineffective assistance of counsel until the issues relating to the filing of a direct appeal have been resolved.

## IV. CONCLUSION

Accordingly, the Court will conduct an **EVIDENTIARY HEARING** on **Thursday, September 21, 2017, at 1:30 p.m.** to determine whether Counsel consulted with Petitioner regarding a direct appeal and whether Petitioner timely requested Counsel file a notice of appeal on his behalf. The Court will appoint counsel to represent Petitioner at the hearing.

In addition, the Court hereby **ORDERS** that the United States Marshal, or his authorized deputy, transport Petitioner from his place of incarceration to Chattanooga, Tennessee, allowing sufficient time for Petitioner to be available in Knoxville, Tennessee, to meet with his attorney before the hearing.

**SO ORDERED.**

**ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**